UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KEVIN E. BONHAM,

        Plaintiff,               Case No. 1:22-cv-248

v.                                     Honorable Janet T. Neff

THERESA SIMMONS et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a county inmate under 42 U.S.C. § 1983. Plaintiff previously sought and was granted leave to proceed *in forma pauperis*. (ECF No. 10.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Kent County Correctional Facility and Family Outreach Center Inc. Plaintiff's Eighth and Fourteenth Amendment claims against Defendant Simmons remain in the case. Further, Plaintiff's request for the appointment of counsel will be denied. Plaintiff's first-filed motion to amend will be granted, and his second-filed motion to amend will be granted in part and denied in part.

**Discussion**

**I.      Factual Allegations**

Plaintiff is presently incarcerated at the Kent County Correctional Facility in Grand Rapids, Kent County, Michigan. The events about which he complains occurred at that facility. In Plaintiff's complaint, he names the following Defendants: Theresa Simmons, Kent County Sheriff Mental Health; and the Kent County Correctional Facility. (ECF No. 1, PageID.2.) Subsequently, Plaintiff filed a motion to amend ("first motion to amend") and an amendment, seeking to add Family Outreach Center Inc. as a Defendant. (First Mot. Amend, ECF No. 7, PageID.25; Amendment, ECF No. 8.)

Plaintiff alleges that during his incarceration at the Kent County Correctional Facility, Defendant Simmons "subjected [him] to manipulative mental abuse, excessive sexual abuse, frequent sexual assaults, [and] brib[ed] [him] to perform sexual favors for her and to her." (Compl., ECF No. 1, PageID.3.)[1] Plaintiff contends that he "first met" Defendant Simmons on July 29, 2021, when he was placed in the "Discipline Restrictive unit." (*Id.*, PageID.3–4.) Subsequently, Plaintiff was placed on suicide watch for several weeks, and he "didn't see [Defendant] Simmons for weeks." (*Id.*, PageID.4.) After Plaintiff was removed from suicide watch, Defendant Simmons "started to visit [his] cell again and began to manipulate [him]." (*Id.*) Plaintiff contends that he "hear[s] voices in [his] head . . . and . . . see[s] spirits and sometimes she would control[] [him] and talk to [Plaintiff] in [his] head." (*Id.*, PageID.5.)

---

[1] In the body of Plaintiff's complaint, he also references unrelated events that involved two correctional officers, neither of whom is named as a Defendant in this action. It appears that Plaintiff intended to describe the events involving the two correctional officers to explain how he "first met" Defendant Simmons, whom he identifies as a "mental health sheriff." (Compl., ECF No. 1, PageID.3–4.) To the extent that Plaintiff wishes to present any claims against the two correctional officers, Plaintiff is free to do so in a new, separate action.

Plaintiff alleges that "one day [Defendant Simmons] came to [his] door and gave [him] a letter [telling him to masturbate]." (*Id.*, PageID.6.) Plaintiff contends that Defendant Simmons later "gave [him] a letter saying that she would give [him] weed or coke if [Plaintiff] did it every day she came [to his cell]." (*Id.*) Plaintiff also contends that from October 2021 to January 2022, on multiple occasions, Defendant Simmons asked him to stand near the door to his cell so that they could engage in sexual acts. (*See id.*, PageID.6–7.) Plaintiff indicates that on many occasions he complied. (*See id.*)

Plaintiff alleges that he "was sending kites asking for a grievance to write on [Defendant Simmons] for four months[, and] not one of [his] kites ever [was] responded to." (*Id.*, PageID.7.) Plaintiff also alleges that he has the "worse anxiety attacks now and [he] see[s] more spirits and the voices in [his] head talk louder." (*Id.*) Plaintiff contends that the Kent County Correctional Facility "subjected [him] to being raped daily and [did] not respond[] to dozens of kites [he] sent frequently for over 4 months asking for inmate grievances." (*Id.*, PageID.8.)

Based on the foregoing allegations, Plaintiff avers that Defendant Simmons violated his rights under the Eighth and Fourteenth Amendments. (*Id.*, PageID.3.) Further, Plaintiff avers that the Kent County Correctional Facility violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments. (*Id.*, PageID.8.) In Plaintiff's amendment, which he submitted with his motion to amend, Plaintiff alleges that Family Outreach Center Inc. violated his Eighth Amendment rights because they employed Defendant Simmons. (ECF No. 8, PageID.27.) As relief, Plaintiff seeks monetary damages, as well as injunctive relief. (Comp., ECF No. 1, PageID.7–8.) In Plaintiff's second-filed motion to amend ("second motion to amend"), he seeks to amend the relief he seeks in this action to include additional monetary damages, as well as the

3

dismissal of his state criminal charges and his release from the Kent County Correctional Facility. (ECF No. 12, PageID.42–43.)

### II. Plaintiff's Pending Motions

#### A. Motion to Appoint Counsel

Plaintiff has requested the appointment of counsel. (*See* ECF No. 9.) Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and has determined that, at this time, the assistance of counsel is not necessary to the proper presentation of Plaintiff's position. Plaintiff's request for the appointment of counsel will therefore be denied.

#### B. First Motion to Amend

Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend his or her pleading once, as a matter of course, in the preliminary stages of a case. Fed. R. Civ. P. 15(a)(1). Here, Plaintiff filed his motion to amend before the service of a responsive pleading, and he submitted his amendment with his motion. Under these circumstances, the Court will grant Plaintiff's first motion to amend (ECF No. 7, PageID.25) and will address the amendment that he filed with this motion in this opinion.

### C. Second Motion to Amend

In Plaintiff's second motion to amend, he seeks to amend the relief that he seeks in this action. (ECF No. 12.) Specifically, Plaintiff requests to add additional monetary damages in the amount of $175,000.00, which he states is "the amount of [his] current bond," and he also requests that his pending state criminal charges be dismissed and he be released from custody. (*Id.*, PageID.42–43.)

Plaintiff's request to be released from custody and for the dismissal of his pending state criminal charges cannot be granted in the present § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Therefore, Plaintiff's second motion to amend (ECF No. 12) will be granted in part and denied in part. The motion will be granted with respect to Plaintiff's request to amend the amount of monetary damages sought in this action and will be denied with respect to all non-monetary relief that Plaintiff seeks to add to this action.

## III. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendant Kent County Correctional Facility

Plaintiff names the Kent County Correctional Facility as a Defendant. (ECF No. 1, PageID.1.) However, the Kent County Correctional Facility is a building, not an entity capable of being sued in its own right. Nevertheless, construing Plaintiff's *pro se* complaint liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court assumes that Plaintiff intended to sue Kent County. Kent County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989);

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60.

Plaintiff's allegations against the county essentially rest on a theory of vicarious liability and therefore do not state a claim. To the extent that Plaintiff suggests the existence of a custom regarding sexual harassment or abuse, his allegations are wholly conclusory. As the United States Supreme Court has instructed, to demonstrate that a municipality had an unlawful custom, a plaintiff must show that the municipality was deliberately indifferent to "practices so persistent and widespread as to practically have the force of law." *Id.* at 61. Plaintiff's allegations do not demonstrate a widespread pattern. Further, to the extent that Plaintiff intended to suggest such a pattern, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (2007). Plaintiff therefore fails to state a claim against Kent County. Accordingly, the Court will dismiss the Kent County Correctional Facility and Plaintiff's claims against this Defendant.

**B.  Defendant Family Outreach Center Inc.**

Plaintiff also names Family Outreach Center Inc. as a Defendant; however, Plaintiff fails to allege that this Defendant took any action against him, other than to suggest this Defendant employed Defendant Simmons. (ECF No. 8, PageID.27.) As an initial matter, for the purposes of this opinion, the Court assumes, without deciding, that Defendant Family Outreach Center Inc. was acting under color of state law and is therefore amenable to suit pursuant to § 1983.

A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Here, other than indicating that Defendant Simmons was

employed by Family Outreach Center Inc., Plaintiff provides no further allegations against this Defendant. Because Plaintiff fails to suggest that Defendant Family Outreach Center Inc. engaged in any active unconstitutional behavior, Plaintiff's claims against this Defendant will be dismissed.

### C. Defendant Simmons

Plaintiff alleges that Defendant Simmons repeatedly sexually harassed him and coerced him into engaging in sexual acts. (*See* Compl., ECF No. 1, PageID.4–7.)

"Federal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment[;] [t]his is true whether the sexual abuse is perpetrated by other inmates or by guards." *Rafferty v. Trumbull Cnty.*, 915 F.3d 1087, 1095 (6th Cir. 2019) (citations omitted); *Bishop v. Hackel*, 636 F.3d 757, 761 (6th Cir. 2011) (discussing inmate abuse); *Washington v. Hively*, 695 F.3d 641, 642 (7th Cir. 2012) (discussing abuse by guards). However, the United States Court of Appeals for the Sixth Circuit Court has joined multiple other courts to conclude that even incidents of sexual touching coupled with sexual remarks may not rise to the level of an Eighth Amendment violation so long as the offensive conduct was "isolated, brief, and not severe[.]" *Rafferty v. Trumbull Cnty., Ohio*, 915 F.3d 1087, 1095 (6th Cir. 2019) (quoting *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005)); *see also, e.g.*, *Solomon v. Mich. Dep't of Corr.*, 478 F. App'x 318, 320–21 (6th Cir. 2012) (finding that two "brief" incidents of physical contact during pat-down searches, including touching and squeezing the prisoner's penis, coupled with sexual remarks, do not rise to the level of a constitutional violation); *Jackson*, 158 F. App'x at 661 (concluding that correctional officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards).

In contrast, repeated and extreme incidents may sufficiently state a claim. For example, the Sixth Circuit found an Eighth Amendment violation when a male prison official sexually harassed a female prisoner by demanding on multiple occasions that the prisoner expose herself and

8

masturbate while the official watched and intimidated her into complying. *Rafferty*, 915 F.3d at 1095–96. The *Rafferty* court noted that, in light of the coercive dynamic of the relationship between prison staff and prisoners, such demands amount to sexual abuse. *Id.* at 1096. Here, taking Plaintiff's allegations against Defendant Simmons as true and in the light most favorable to Plaintiff, the allegations suggest the occurrence of the repeated extreme incidents addressed in *Rafferty*.

It is unclear from Plaintiff's complaint whether he was a pretrial detainee, a parole detainee, or a convicted prisoner, or whether he had some other status during the time period relevant to the complaint. Therefore, at this stage of the proceedings, the Court will retain Plaintiff's Eighth and Fourteenth Amendment claims against Defendant Simmons regarding her alleged sexually harassing comments and actions. *See Hale v. Boyle Cnty.*, 18 F.4th 845, (6th Cir. 2021) (concluding that a pretrial detainee's claims regarding sexual abuse by a prison guard were "properly viewed as an excessive-force claim that should be evaluated under *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]'s [Fourteenth Amendment] objective test").

## Conclusion

Plaintiff's request for the appointment of counsel (*see* ECF No. 9) will be denied, and Plaintiff's first motion to amend (ECF No. 7, PageID.25) will be granted. Plaintiff's second motion to amend (ECF No. 12) will be granted in part and denied in part. Specifically, the second motion to amend will be granted with respect to Plaintiff's request to amend the amount of monetary damages sought in this action and will be denied with respect to all non-monetary relief that Plaintiff seeks to add to this action.

Furthermore, having conducted the review required by the Prison Litigation Reform Act, the Court determines that all of Plaintiff's claims against Defendants Kent County Correctional Facility and Family Outreach Center Inc. will be dismissed for failure to state a claim under

28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Eighth and Fourteenth Amendment claims against Defendant Simmons remain in the case. The Court will serve the complaint against Defendant Simmons.

An order consistent with this opinion will be entered.

Dated:   June 13, 2022                              /s/ Janet T. Neff
                                                   Janet T. Neff
                                                   United States District Judge