UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

K<span>EVIN</span> E. B<span>ONHAM</span>,

  Plaintiff,         Hon. Janet T. Neff

v.              Case No. 1:22-cv-248

T<span>HERESA</span> S<span>IMMONS</span>, et al.,

  Defendants.

_____/

**REPORT AND RECOMMENDATION**

  This matter is before the Court on Plaintiff's Motion for Default Judgment. (ECF No. 34). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied without prejudice.

**BACKGROUND**

  Plaintiff initiated this action on March 17, 2022, against (1) Kent County Correctional Facility (KCCF); (2) Family Outreach Center Inc.; and (3) Theresa Simmons, who was employed at KCCF. (ECF No. 1). Plaintiff's claims against Kent County Correctional Facility and Family Outreach Center were dismissed on screening. (ECF No. 13-14). With respect to Defendant Simmons, Plaintiff alleges that Simmons "subjected [him] to manipulative mental abuse, excessive sexual abuse, frequent sexual assaults, [and] brib[ed] [him] to perform sexual favors for her and to her." (ECF No. 1).

Default was entered against Defendant Simmons on January 24, 2023. (ECF No. 33). Plaintiff now moves for default judgment.

## ANALYSIS

Federal Rule of Civil Procedure 55(b) authorizes the Court to enter judgment by default against a defendant who has been defaulted. For two reasons, however, the undersigned recommends that Plaintiff's motion be denied without prejudice.

A.    Service of Process

A prerequisite to obtaining default judgment is that the defendant must have been properly served with a copy of the summons and complaint. *See, e.g., King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) ("without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant. And in the absence of personal jurisdiction, a federal court is powerless to proceed to adjudication"). The requirement of proper service is not a technicality but rather implicates a defendant's right to due process. *Savoie v. City of East Lansing, Michigan*, 2022 WL 3643339 at *2 (6th Cir., Aug. 24, 2022). Plaintiff "bears the burden of proving that service was proper." *Ibid.*

Regarding the efforts to accomplish service on Defendant Simmons, the record reveals the following. On June 13, 2022, the Court ordered the Clerk to "forward the complaint to the U.S. Marshals Service, which is authorized to mail a request for waiver of service to Defendant Simmons in the manner prescribed by Fed. R. Civ. P.

4(d)(2). If waiver of service is unsuccessful, summons shall issue and be forwarded to the U.S. Marshals Service for service under 28 U.S.C. § 1915(d)." (ECF No. 14).

The request for waiver of service was mailed to Defendant Simmons at the Kent County Correctional Facility, but no response was received. (ECF No. 23). On December 2, 2022, a summons was issued for Defendant Simmons and delivered to the U.S. Marshal for service at Simmons' "confidential home address." (ECF No. 31). According to the Process Receipt and Return that was subsequently filed with the Court, Deputy U.S. Marshal Ben Walkington personally served Defendant Simmons on December 21, 2022. (*Id.*).

It appears, therefore, that service was properly accomplished on Defendant Simmons. The Court notes, however, that Defendant Simmons does not appear to have signed the Process Receipt and Return or anything else affirming that she was personally served. Likewise, the Process Receipt and Return does not contain any declaration or sworn statement by Deputy U.S. Walkington who purportedly accomplished service on Simmons.

The Court is not suggesting that the information contained in the Process Receipt and Return is inaccurate or that the U.S. Marshals Service acted incorrectly or improperly. Nevertheless, the Court questions whether the present record is sufficient to establish that Defendant Simmons was properly served with a copy of the summons and complaint as due process requires. The burden to establish that service was properly accomplished rests with Plaintiff. Because Plaintiff has failed to present

argument or evidence on the question, the undersigned finds that Plaintiff has failed to meet his burden to establish that Defendant Simmons was properly served.

  B.  Establishment of Damages

Plaintiff requests five million dollars ($5,000,000.00) in damages "for the pain and suffering, humiliation, anxiety, worry, loss of enjoyment, and permanent psychological injuries" he has allegedly suffered. (ECF No. 34 at PageID.174). When default is entered against a party, the factual allegations articulated in the complaint, except those regarding the amount suffered in damages, are accepted as true. *See, e.g., Molero v. Jackson Financial, Inc.*, 2018 WL 4510351 at *1 (W.D. Mich., June 13, 2018) (citing *Thompson v. Wooster*, 114 U.S. 104 (1885)).

Plaintiff's complaint, therefore, provides no evidentiary support for awarding any amount in damages, let alone five million dollars. Plaintiff has likewise failed to present any evidence in support of his motion. To obtain an award of damages, Plaintiff must establish the amount to which he is entitled "with reasonable certainty." *See, e.g., West Stone Works Co., Inc. v. Wilson's Funeral Home*, 2021 WL 2324505 at *3 (W.D. Tenn., June 7, 2021). By failing to present any evidence on the subject, Plaintiff has failed to establish that he is entitled to any amount in damages.

When ruling on a motion for default judgment, the Court "may" conduct a hearing if necessary to: (1) "conduct an accounting"; (2) "determine the amount of damages"; (3) "establish the truth of any allegation by evidence"; or (4) "investigate any other matter." Fed. R. Civ. P. 55(b)(2). Plaintiff has not requested that the Court conduct a

hearing on this matter, however. Plaintiff may move the Court to conduct a hearing on the question of damages or any other relevant matter related to his request for default judgment. Any such request, however, should identify, in general terms, the evidence Plaintiff seeks to present, the form in which it will be presented, and the purpose for which such evidence will be presented.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Default Judgment (ECF No. 34) be denied without prejudice.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: March 23, 2023

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge