UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

KEVIN E. BONHAM,

    Plaintiff,

v.

THERESA SIMMONS,

    Defendant.

_____/

Hon. Janet T. Neff

Case No. 1:22-cv-0248

### REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's motion for default judgment against Defendant Theresa Simmons. (ECF No. 39, 40, 50). Defendant did not file a response to the motions. Having conducted an evidentiary hearing, and for the reasons articulated below, the undersigned judicial officer recommends that the Court grant the motion for default judgment and enter a judgment against Defendant Simmons in the amount of $50,000 plus attorney's fees and costs.

### Background and Procedural History

Plaintiff is incarcerated at the Kent County Correctional Facility (KCCF) in Grand Rapids, Michigan. He filed his complaint on March 17, 2022, against former KCCF mental health counselor Theresa Simmons and the KCCF. (ECF No. 1). Plaintiff subsequently filed motions to amend the complaint. (ECF No. 7, 8). After conducting a review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court dismissed the claims against the KCCF for failure to

state a claim; it granted Plaintiff's second motion to amend the complaint as to the amount of monetary damages sought;[1] and it ordered that the complaint be served on Defendant Simmons. (ECF No. 13).

Plaintiff alleges that Defendant Simmons violated his Eighth and Fourteenth Amendment rights by "subject[ing] [him] to manipulative mental abuse, excessive sexual abuse, frequent sexual assaults, [and] brib[ing] [him] to perform sexual favors for her and to her." (Compl., ECF No. 1, PageID.3). Plaintiff alleges that he "first met" Defendant Simmons on July 29, 2021, and that she eventually started visiting him in his cell and manipulating him into performing sexual acts. (*Id.* at PageID.3-4). Plaintiff recounts a number of instances in which Defendant Simmons used her position to get him to engage in these acts. She "gave [him] a letter saying that she would give [him] weed or coke if [Plaintiff] [masturbated] every day she came [to his cell]," and that from October 2021 to January 2022, Defendant Simmons asked him to stand near the door to his cell so that they could engage in sexual acts. (*Id.* at PageID.6-7).

Plaintiff alleges that he "was sending kites asking for a grievance to write on [Defendant Simmons] for four months[, and] not one of [his] kites ever [was] responded to." (*Id.* at PageID.7). He asserts that Defendant Simmons' abuse has caused him to suffer anxiety and it has exacerbated his mental illness. (*Id.*).

---

[1] Plaintiff amended the amount of damages sought to $175,000, which he noted was the amount of his bond at the time. The Court cannot base an award of damages in this case on the amount of Plaintiff's bond, as there is no causal connection between Defendant Simmons' unlawful conduct and the bond amount.

Defendant Simmons was properly served by the U.S. Marshal Service on December 21, 2022.  (ECF No. 31, 38).  She failed to file an answer or otherwise respond to the complaint.  Accordingly, Plaintiff sought entry of default (ECF No. 32), which was entered on January 24, 2023 (ECF No. 33).  Plaintiff later filed a motion for default judgment.  (ECF No. 39, 40).  Defendant Simmons failed to respond.  On June 22, 2023, the Court held a hearing in which it received testimony from Plaintiff.  (Minutes, ECF No. 42).

Plaintiff testified that Defendant Simmons sexually assaulted him over the course of four months, and that she obtained his compliance to her demands by promising to get him released from jail.  (Hrg. Tr., ECF No. 46, PageID.217).  Defendant Simmons was aware of Plaintiff's mental illness – schizophrenia – and the fact that he had previously been in a mental health facility.  (*Id.* at PageID.218-19, 228).  Plaintiff recounted, in some detail, the sexual abuse Defendant Simmons inflicted upon him.  (*Id.* at PageID.217-19).  The sexual abuse ended when Defendant Simmons was caught in the act by KCCF staff, which resulted in her termination and criminal prosecution.  (*Id.* at PageID.222-24).  Plaintiff explained that the emotional distress he suffered resulted in his placement on suicide watch.  (*Id.* at 220-21).  He is interested in getting counseling, but he has developed a distrust of jail counselors due to Defendant Simmons abuse of her position as a counselor.  (*Id.* at PageID.227).  Plaintiff's mother has looked into getting him outside counseling, but the cost was more than she could afford.  (*Id.* at PageID.227-28).  Plaintiff is eligible for release as soon as February 13, 2024.  (*Id.* at PageID.227).

While the Court found Plaintiff's testimony credible, it noted that it needed additional information upon which to award actual damages. (*See* Order, ECF No. 43, PageID.206). The Court afforded Plaintiff another opportunity to present evidence regarding his damages claim. (*Id.* at PageID.207). Plaintiff thereafter filed a supplemental motion for default judgment. (ECF No. 50).

The Court conducted a second evidentiary hearing on October 4, 2023. (Minutes, ECF No. 51).[2] During that hearing, Plaintiff testified that Defendant Simmons took advantage of mental illness in sexually abusing him. She exposed her breasts to him; she made him insert his fingers into her vagina and anus; she required him to masturbate in front of her; and she fondled his penis. As a result of the sexual abuse, Plaintiff has suffered mental anguish, emotional distress, low self-esteem, and depression. He again recognized that he needs counseling, something he and his mother have been financially unable to procure.

## Discussion

A.  <u>Liability</u>

Given that Defendant Simmons defaulted, she is deemed to have admitted all of the well-pled facts in Plaintiff's complaint. *AF Holdings LLC v. Bossard*, 976 F. Supp.2d 927, 929 (W.D. Mich. 2013) (citing *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007)). To be well-pled, the allegations in the complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.

---

[2] There is no transcript of the October 4, 2023, hearing, but it was audio recorded, the recording of which is available upon request.

*McMasters v. Captain Friedt Tower Services, LLC*, Case No. 5:22-cv-107, 2022 WL 17104543, *3 (N.D. Ohio Nov. 21, 2022) (citations omitted); *see also* FED. R. CIV. P. 8(a). The allegations in the instant complaint, now deemed admitted, support a finding that Plaintiff is entitled to relief under 42 U.S.C. § 1983 for violation of his rights under the Eighth and Fourteenth Amendments. *See Rafferty v. Trumbull County, Ohio*, 915 F.3d 1087, (6th Cir. 2019) ("Federal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment . . . whether the sexual abuse is perpetrated by other inmates . . . or by guards." (citations omitted)).

That the allegations establish a violation of Plaintiff's constitutional rights does not automatically entitle him to a default judgment. "Even after entry of default, the decision to grant a default judgment is within the Court's discretion." *AF Holdings*, 976 F.Supp.2d at 929 (citations omitted). In determining whether to enter a default judgment, courts consider such factors as " 'the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt.' " *Id.* (quoting 10A Charles A. Wright, et. al, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998)). In the instant case, the factors weigh heavily in favor of the entry of a default judgment.

Having considered the both the allegations in the complaint and the evidence proffered during the two evidentiary hearings, there is little doubt that Defendant Simmons used her former position as a mental health counselor to manipulate and

sexually abuse Plaintiff. Defendant Simmons pled no contest to criminal charges of aggravated assault and a providing controlled substance to an inmate based on her abuse of Plaintiff. (*See* www.fox17online.com/news/local-news/kent/former-mental-health-worker-accused-of-assaulting-inmate-takes-plea-deal (last viewed Jan. 13, 2024)).

B. <u>Damages</u>

While well pled allegations, deemed admitted by default, are sufficient to establish liability, Plaintiff must still prove his damages. *See McMasters*, 2022 WL 17104543 at *4. The civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mills Pride, L.P. v. W.D. Miller Enterprises*, Case No. 2:07-cv-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010).

Plaintiff testified that he has suffered significant emotional distress and a diminished self-worth. He has difficulty trusting other persons, particularly counselors provided by the KCCF. This has prevented him from getting the benefit of counseling services to date. The undersigned has found Plaintiff's testimony credible.

Plaintiff seeks $175,000 in damages for emotional and mental distress resulting from the sexual abuse and harassment Defendant Simmons inflicted upon him. While Plaintiff has proven his entitlement to monetary recovery, this is excessive. Nevertheless, the Court finds informative a recent decision in a case involving nearly identical facts.

In *Patrick Grover v. Traci Perez*, Case No. 1:21-cv-0252, 2023 WL 4424213 (W.D. Mich. June 8, 2023), the undersigned judicial officer recommended a default judgment award of $50,000 in favor of a male prisoner who had been subjected to sexual abuse by a female guard. Like Mr. Bonham, Mr. Grover suffered emotional distress and a loss of self-esteem as a result of the abuse. *Id.*, 2023 WL 4424213 at *3. The $50,000 award was largely premised on the cost of Mr. Grover obtaining counselling services from outside the prison. *See id.*, 2023 WL 4424213 at *4. That recommendation was adopted by the Court, and judgment was entered in the amount of $50,000 plus attorney's fees and costs. *See Grover v. Perez*, 2023 WL 4285879, at *2. The undersigned finds that a similar award is justified in the instant case.

Accordingly, the undersigned judicial officer recommends that default judgment be entered against Defendant Theresa Simmons in favor of Plaintiff Kevin Bonham with a monetary award of $50,000 plus attorney's fees and costs. The award is intended to compensate Plaintiff for future counseling services and for the emotional harm he has suffered as a direct result of Defendant Simmons' unlawful conduct. The amount of attorney's fees and costs would be determined through the filing of a post-judgment petition.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

        Respectfully submitted,

Date: January 16, 2024        /s/ Phillip J. Green
        PHILLIP J. GREEN
        United States Magistrate Judge